Good morning, Ms. Brill. Good morning, your honors. May it please the best of luck to Ms. Ayala-Lopez in this appeal proceeding. And at issue today is whether Mr. Ayala should have been re-sentenced to 25 years as to count three. Your honors, he should not have been re-sentenced to 25 years because at the time of the re-sentencing, count three was not a second or subsequent 924C conviction. Originally, in March 2007, count six was treated as a conviction pursuant to 18 U.S. Code section 924J. The jury in October prior to that March had imposed already a life sentence under the sentencing provisions of 18 U.S. Code section 924J. Count six was treated as first 924C count. Mr. Ayala received a seven-year sentence. Count three was treated, I should say a seven-year consecutive sentence. Count three was treated as the second 924C count. Mr. Ayala received a consecutive 25-year sentence. And count four was treated as the third 924C count, another consecutive 924, another consecutive 25-year sentence. I'm under the impression that the rule is that the order of conviction is what determines basically the point we're arguing about. The order of conviction? Yeah. How does the conviction take place? The order in which the judge convicts? Well, I mean, you know, he was tried on six different counts. The jury found him guilty in July of 2006 of counts one through six. There was a, because this was a death penalty trial, because this was a capital trial, there was a capital proceeding that took place in October of 2006, and the jury reached a conclusion, and that required a sentence of life as to count six. So, I mean, the order of conviction, they were all, the convictions all took place on the same day. The order of sentencing, well, the jury spoke in October. The... What was the order? The order of the events, the order... What was the order in which the jury found the guilty verdict? Well, I mean, the verdict form listed counts one through six, so in that order. What does that, if I, am I right on what I'm stating? Am I maybe wrong? Um, I don't, I think it's not all that, I mean, I think at the time, it's a complicated answer, because the convictions all took place at once. The chronology of it was count two, count three, count four. The convictions all take place all at once. I mean, the jury files a certain order, which is actually the order that the judge presents, and as I understand it, that's what determines the order of conviction. Am I wrong? Um, I think that, I mean, I think at the time of sentence, it doesn't really matter. But counsel, why doesn't, I mean, count six was unaffected by the previous decision of this court, so at the time that the court makes the mechanical adjustment that was ordered, count six is already in place, so count three, the judgment entered on count three becomes subsequent or second to count six, and it's eligible for the 25-year sentence. It doesn't, because it didn't, because count two, when it was imposed, was not subsequent to the sentence issued as to count six. Yeah, I mean, if we are, if the, well, the Circuit Court opinion, it is my contention, and it has been my contention every chance I've had to raise it, that when the Circuit Court said the change in the sentence is only ministerial, that that was an incorrect assertion. The change to Mr. Ayala's sentence would not have been purely ministerial. There needed to be a re-sentencing proceeding. May I ask, can I just, what, even more basic, what is at stake here? I mean, I would like to understand why. There's a potential pending 2255 action. I mean, the question is, doesn't he already have a life sentence? Yes, he already has a life sentence, and what we're talking about is the extent of the consecutive sentence after his life sentence. There's no ambiguity about that. There's no deceit about that, but there is the potential for him, for any of those life, any or all of those life sentences to be vacated, and it's not a theoretical potential. It's also not a, you know, guaranteed potential for that to happen. The proceeding was filed, and it was, the court dismissed it without prejudice pending the outcome of this appeal. So Mr. Ayala still has another shot at addressing his convictions. So yes, there's, you know, potentially something at stake, and that's what it is. But, I mean, I think that it's very critical to understand how the sentencing took place in March of 2007. He received concurrent life sentences on counts 1, 5, and 6, and I think this goes to answer your question a little bit, Judge Peruella, and also Judge Lopez, in the sense that at that point, receiving concurrent sentences on counts 1, 5, and 6 means that count 6 was not treated as a 924C conviction. If count 6 was treated as a 924C conviction, he would have received a consecutive life sentence for count 6, but he didn't. He received three concurrent life sentences. So that just indisputably states that he was sentenced as to the sentencing provisions of 924J. 924J allows for a term of years, a sentence of life, or a sentence of death. He received the sentence of life. It was not consecutive. Then, the first consecutive sentence that was imposed was for count 2. Count 2 was a consecutive seven-year sentence, count 3 a consecutive. Counts 2, 3, and 4 were all treated correctly as 924 convictions. Upon the government's concession, counts 2 and 4 were vacated by this court, by the appellate court. The government conceded that only one 924C conviction was possible, was permitted, pursuant to the Double Jeopardy Clause, and they elected counts 2 and 4. I objected to that in my brief, I objected to that in a motion for reconsideration, but the government elected count 3. If the government had elected count 2, we wouldn't even be here because he would have received that same seven-year consecutive sentence. But the government elected that particular count, and the government, I mean everybody, Mr. Ayala should have been resentenced pursuant to the same sentencing scheme that took place in March of 2007, should have received concurrent life sentences on 1, 5, and 6, and a consecutive sentence for the first 924C conviction, which would have been count 3, which would have been a seven-year sentence because he was convicted of brandishing the weapon. I think the critical paradigm for the court is that the indictment charged in violation of 924J, the sentence took place as a violation, I'm talking now about count 6, of 924J. The conviction was for 924J, treated that way at sentencing, and treated that way by this court on appeal, who said that when I made a different claim about counts 4 and 6, that count 6 conviction was a 924J conviction. It said if the indictment were simply for violating subsection C, I would have a colorable claim, but it wasn't, it was for violating 924J. That original sentence was sentenced concurrently, which means that it was not treated like 924C, and at this time, before this court and before the district court, the only sentence that should be treated as a 924C sentence, the only count that should be imposed consecutively, and pursuant to the provisions of 924C, is count 3, and it should have been a sentence for 7 years, not a second or subsequent conviction for 25 years. That's the essence of the claim. There's nothing in the original sentencing proceeding that indicates that count 6 was treated as the first 924C conviction. I should point out that 924C doesn't contain a death penalty provision. One cannot receive the death penalty for violating that count, so it's a further indication that the sentence was for that particular provision, subsection J, and I as the appellant have been clear in asserting this request since the very inception of the case. There's nothing further. Thank you. I appreciate your argument. We'll see. Morning, Ms. Monroe. Good morning. May it please the court. My name is Tiffany Monroe, and I represent the United States. We ask that you affirm the amended judgment of the district court for the reasons set forth in our brief. Today, I will present three points in support of   the district court did not earn imposing a consecutive sentence based on Ayala's second violation of 18 U.S.C. 924C. In count 3, Ayala was convicted of using a firearm during and in relation to a drug trafficking crime. He brandished a firearm during the drug conspiracy housing project. On count 6, Ayala was convicted of aiding and abetting another person in the use of a firearm during the murder of a federal officer in violation of 18 U.S.C. 924J1 and 924C. In order for a defendant to be convicted under 924J, a defendant's conduct must satisfy the core elements of 924C as well as either murder or manslaughter as defined under federal law. In this case, Ayala's conviction under 921J would constitute a violation of 924C because during the course of because he caused the death of another person through the use of a firearm during the commission of a crime of violence. Does it matter that the court made concurrent 1, 5, and 6? Well, I would view that that sentence was consistent with the sentencing scheme based on count 6. And I believe that the 924J is not a separate and distinct crime from 924C. And I would ask the court to look only to Justice Souter's comment in footnote 3 in which he said that the jury, it was clear that the jury found that in Ayala guilty of unlawfully killing another human being in violation of 924J1 as well as C. And the appellant relied on the United States v. Julian for the proposition that it was distinct, but I would ask this court to look more so to the holding of this court in Ayala 1. The court's ruling made it clear to the appellant that on remand that his conviction on count 6 was to be viewed as a 924C. And by looking at the language of the footnote, the district court on remand was required to follow this court's judgment which was to vacate counts 2 and 4, the conviction in sentencing and special assessments as to counts 2 and 4. The appellant would like to state that it's very telling that the third superseding indictment did not reference 924C, but if the court takes another look at the indictment, it actually does reference it. And so the government did intend for 924C to be viewed as a, that count 6 to be viewed as a 924C violation. And the United States in Deal v. the United States, I'm sorry, Deal v. the United States held that the district court did not earn imposing a enhanced 25-year sentence when two, when multiple 924C violations occur in the same proceeding. And in this case, count 6 and count 3 represent two 924C violations. Counsel, is a 924C one a small II? Is that like a lesser included offense of the charge in count 6? All the same elements are present except in count 6 you have the additional factor of the death of a police officer. Is that a fair reading of the two statutes, of the two provisions? Yes, Your Honor. In United States v. Catalina v. Roman in which you authored the opinion, you stated that 924C is a lesser included offense of 921J. And therefore, I would submit that the court can look to that and look to that precedent for the proposition that Ayala's conviction on count 6 would constitute his initial 924C violation and his conviction on count 3 would constitute his second violation of 924C which would trigger the mandatory minimum sentence of 25 years. But that apparently is not the way the district court treated it at its initial sentencing. Is that correct? At its initial sentencing, the district court viewed count 2 as the first 924C violation and sentenced him to 7 years. This court vacated that conviction, but essentially on remand this court directed the district court to make a mechanical adjustment and the appellant essentially was asking the court to disregard this court's directive when he asked in his request for a resentencing hearing and stating that the change is not merely mechanical. And I would submit that the district court was following the mandate of this court and that should be upheld and affirmed and that Ayala failed to raise this issue in his first appeal. When Ayala challenged double jeopardy on counts 2, 3, and 4, he had an opportunity to challenge his consecutive sentence if any of those convictions were affirmed. He failed to do so. Ayala should not be permitted to go to the district court or come back to this court to challenge that particular ruling. He didn't do so because 6 wasn't viewed at that point as the first offense. Yes. I understand the court's position, but in reading the subsequent, I would submit that we don't even need to be here in looking at footnote 3, the opinion Justice Souter wrote that his conviction of 924J was also a violation of 924C. Now if he had respected that holding of the court, we, the defendant, would not have been charged. The appellant would not have appealed his sentence and essentially the court on remand vacated count 2 and 4 and amended the judgment to reflect that and all other counts remained the same. And 924C1C1 permits that type of sentencing in light of the court's decision. In order to treat count 3 as it did, in order to impose a 25-year consecutive sentence, the court did have to, in effect, recharacterize count 6 as the first 924C conviction, which it had not done at the time of the initial sentencing. Isn't that true? That's correct. It did not, in its opinion, characterize count 6 as a 924C violation, but this court did. Isn't that a little more than mechanical, perhaps, to do that? I would say that the additional language that the court included in characterizing it in such a way does not alter the overall impact of this court's ruling. It merely explains to the appellant, for purposes of his motion for reconsideration, the court's reasoning behind his sentence. The court did not essentially say that, you know, I'm considering new facts or new evidence. He essentially was looking at the conviction as it existed at the time of his first trial and essentially recharacterizing or recharacterizing the conviction does, in effect, give the appellant the right to a new claim. Normally, when an appellant has waived a right such as this, he would have to articulate some exceptional circumstances such as new controlling law, new evidence that was not previously obtainable with diligence, or a serious injustice. And I would submit in this case that serious injustice would not apply and there's no new evidence. As the court indicated, any error in sentencing would be harmless. Ayala was convicted to life on counts one, five, and six. His sentence on count three of 25 years is irrelevant to the time that he would serve in prison in light of his life sentences. Ultimately, if the court were to affirm the sentence, it would have no practical impact on the time that Ayala would serve in prison. Essentially, it would, even if he does not have a pending 2255 claim before any court as indicated by the Appellant's Counsel, there is no other harm that he has articulated in his brief. And I would submit that he hasn't even articulated prejudice such that would justify this court to reverse the district court or remand again in this matter. I have no further remarks unless the panel has a question for me.